EVE WALGAMOT, *Guardian of* NANCY J. WALGAMOT *vs.* CHARLES W. DAVIS.—*June,* 1848.

The act of 1845, ch. 166, requiring trustees to whom any property shall be conveyed for the benefit of creditors, to file with the clerk of the court, where the deed creating the trust is recorded, a bond conditioned for the faithful performance of the trust, is confined in its operation to deeds executed since that act took effect.

APPEAL from *Washington* County Court.

The appellant, as guardian of *Nancy J. Walgamot,* on the 1st April, 1847, filed a petition in *Washington* County Court,

alleging that she was a creditor to a large amount of a certain *John Davis*, who had conveyed all his property to his son, *Charles W. Davis*, for the benefit of his creditors. That said trustee has given no bond for the faithful performance of his trust as required by law, as will appear from the certificate of the clerk of *Washington* County, hereto attached. Your petitioner therefore prays your Honors to pass an order requiring the said trustee to give a bond, with security, according to the statute in such cases made and provided.

The following is the certificate referred to in this petition:—

" To the Honorable, the Judges of
        *Washington* County Court:

"I hereby certify that *Charles W. Davis*, trustee for the benefit of the creditors of *John Davis*, by deed of trust, dated sixth day of October, 1845, and recorded among the land records of this county, has not filed with me, as clerk of *Washington* County Court, any bond for the faithful performance of his trust, as required by act of Assembly, passed at December session, 1845, ch. 166.

                         ISAAC NESBITT, *Clk.*"

The court (BUCHANAN, A. J.,) ordered this petition to be dismissed with costs: from which order, this appeal was taken.

The first and second sections of the act of 1845, ch. 166, passed on the 28th February, 1846, to which reference is particularly made in the opinion of the court in this case, are as follows:—

SECTION 1. " *Be it enacted by the General Assembly of Maryland*, That from and after the first day of May next, it shall be the duty of all and every trustee and trustees, to whom any estate, real, personal, or mixed, is or shall be limited or conveyed for the benefit of creditors, or for any other purpose, to file with the clerk of the County Court, in which the deed or instrument creating the trust may be first recorded, a bond in such penalty as the clerk may prescribe, being as nearly as can be ascertained, double the amount of

the trust estate, and with surety, to be approved by the said clerk, conditioned for the faithful performance of the trust by the said deed, or other instrument of writing, reposed in such trustee or trustees, which bond shall be recorded in the office of said clerk, and a copy thereof, under his official seal, shall be evidence in any of the courts of this State.

SEC. 2. "*And be it enacted,* That if any such trustee or trustees, shall fail or refuse to give bond as aforesaid, for the space of three months after the deed or other instrument of writing creating the trust, is deposited with the clerk to be recorded as aforesaid, it shall be the duty of the said clerk to give notice thereof to the County Court of the county, or some one of the judges thereof, who, upon consideration of the circumstances, and upon such reasonable notice as the court or the judge may prescribe to the trustee, and such of the parties interested as may be conveniently served therewith, shall proceed to appoint another trustee or trustees, in lieu of the trustee or trustees, who shall have failed or refused as aforesaid, and upon the trustee or trustees so appointed by the court or judge giving bond as aforesaid, the whole trust estate shall vest in him, her or them, subject to the provisions of the trust deed or instrument of writing creating the trust, and the same power may and shall be exercised by the court or judge from time to time, until a trustee or trustees shall be appointed and qualified to act, by giving bond as aforesaid."

The cause was argued before DORSEY, C. J., MAGRU-DER, MARTIN and FRICK, J.

By JOHN THOMPSON MASON for the appellant, and
By GEO. SCHLEY for the appellee.

MAGRUDER, J., delivered the opinion of this court.

The appeal in this case was taken by the appellant from an order of *Washington* County Court, dismissing a petition filed therein by her. The petition is grounded on the act of 1845, ch. 166, 1st and 2d sections, and asked that the appellee be

required to give security, agreeably to the said act. The deed of trust was executed in October, 1845, some time before the act of Assembly was passed.

Whether this law embraced deeds executed and recorded before its passage, is the question.

We are of opinion, that the law is confined in its operation to deeds executed since the act of 1845 took effect. The court below was therefore correct in dismissing the petition.

If this law required trustees named in deeds executed before its passage, to give bond, then every trustee whose deed is placed upon record, must comply with its provisions. This surely was not the design of the General Assembly.

The second section requires the clerk to give notice to the County Court, or some one of the judges thereof, when any trustee has failed or refused to give the bond required of him, for the space of "three months after the deed or other security is deposited with him to be recorded." If the act of Assembly required this of the appellee, then he might have been removed, and another trustee appointed, because of his failure to do an act never required but by this law, and yet to be done by him before the law was in existence.

The words of the act of Assembly will not warrant the construction, that trustees named in deeds executed and recorded before its passage, shall give bonds within three months after its passage. It is express that the bond, if to be executed at all, is to be given within three months after the deed "is deposited with the clerk to be recorded."

ORDER AFFIRMED.